of the summons to the justice, with proof of personal service upon the defendant in his county, gave him jurisdiction of the person of the defendant. He plainly had jurisdiction of the subject of the action; and thus his jurisdiction over the case was completed and ample to justify the rendition of the judgment from which the appeal was taken.

"No other ground of error was assigned, and it follows that the judgment of the County Court should be reversed, with costs, and the judgment of the Justice's Court should be affirmed, with costs."

*Hackett & Williams*, for the appellant.

*W. Farrington*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., and PRATT, J., concurred.

Judgment of County Court reversed and that of Justice's affirmed, with costs.

---

CLEMENT REED, RESPONDENT, *v.* THE CLARK COVE GUANO COMPANY, APPELLANT.

*A party defending an action, on the ground that the contract was procured by false representations made by the plaintiff, must allege all the false representations which he intends to prove — where a specific allegation of certain false representations is followed by a general allegation of "other false and fraudulent representations," no proof of any but those pleaded will be admitted.*

APPEAL from a judgment, entered upon a verdict in favor of the plaintiff, at the Kings County Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought by the plaintiff for damages for an alleged breach by the defendant of a certain contract entered into between the defendant and the plaintiff, by which the latter was to render certain services to the defendant, a corporation which was engaged in the business of manufacturing and selling fertilizers.

The answer set up numerous defenses but only two were insisted upon at the trial.

The seventh subdivision of the answer states that the plaintiff falsely represented himself to be possessed of full, complete, prac-

tical and scientific knowledge of, as well as experience in, the manu facture of chemical fertilizers, and by such false representations and by other false and fraudulent representations fraudulently induced defendant to enter into the contract sued upon.

Upon the trial it was admitted that plaintiff did not, before the contract was made, represent himself as having a "scientific knowledge" of the manufacture of fertilizers.

The court at General Term said: "It was shown that the plaintiff had been for several years actively engaged in that manufacture, and had made and sold as much as 30,000 tons in a year. It cannot be seriously contended that the specific representations set forth in the answer were not shown to be true, but defendant claimed to be able to prove that plaintiff made other and further representations to the effect that he had special knowledge not common to well informed manufacturers, and that by the aid of methods of work peculiar to himself, he could produce fertilizers at a price much below that at which they could be made by others.

"Proof of such representations was objected to by plaintiff and excluded, and upon the exception taken by defendant to such exclusion arises one of the questions now to be considered.

"Defendant concedes that as a general rule a bold allegation of fraud in a pleading is bad, as averring a legal conclusion and not a fact, but they claim that where there is a specific allegation followed by a general allegation as in this case of " other false and fraudulent representations," the plaintiff, to protect himself from being surprised upon the trial by proof of alleged false representations of which he has had no notice, must, before trial, obtain an order requiring the pleading to be made more definite, or must get a bill of particulars of the fraudulent allegations to be put in proof.

"We do not so understand the rule. When a litigant bases his cause upon the fraudulent conduct of the opposite party, he must be presumed to be aware of the frauds from which he suffers and it is no hardship to require them to be stated with reasonable precision. The same reason exists for requiring all the facts to be pleaded upon which fraud is predicated as for requiring any. If by adding to one fact well pleaded the formula ' other false and fraudulent representations,' the scope of admissible evidence could be enlarged, astute pleaders would never plead in any other way.

Motions to compel further definiteness would be constant, and the easily foreseen result would be that every trial in which fraud is an element would be a series of surprises. The rule requiring the facts upon which fraud is predicated to be pleaded is essential to the administration of justice and should not be relaxed. It follows that the testimony of representations other than those pleaded was properly excluded.    *    *    *

*Prescott Hall Butler, Charles C. Beaman* and *Joseph H. Choate,* for the appellant.

*B. F. Tracy,* for the respondent.

Opinion by PRATT, J.

Present BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment and order denying new trial affirmed, with costs.